[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Carolyn Dubose Moody and Delaida Rosario, Co-Administrator of the Estate of Joseph H. Dubose, have filed an application for a prejudgment attachment of real estate in this case. They seek a prejudgment remedy for the death of Joseph H. Dubose, who was shot and killed while a patron of the defendant, Sportsmen's Athletic Club, Inc. (Club).
The plaintiffs claim that the Dubose was an invitee of the Club who was present during the early morning hours of November 14, 1999. Two other patrons of the Club engaged in an altercation which resulted in one of them shooting Dubose and others in the club. The plaintiffs claim many similar incidents had occurred in the recent past so as to put the club on notice of the danger of such activities to its patrons, including a shooting incident one week before November 14, 1999. Despite knowledge of the dangers, the Club failed to take measures to make he premises safe for its patrons.
The defendant asserts that the plaintiffs are limited to damages under the Dram Shop Act.
That statute, C.G.S. § 30-102 creates a cause of action against liquor sellers for victims injured by persons to whom the bar owner served alcohol while they were intoxicated. In this case, the complaint does not make an allegation that the person who shot and killed Dubose was under the influence of alcohol. Accordingly, the Dram Shop Act does not apply. This is a case of simple negligence against the Club for failure to properly manage the Club and supervise its patrons. There is no law limiting the claim of the plaintiffs to Dram Shop action only. The case cited by the defendant Coluci v. PJR's, Inc., 1991 WL 287716 is distinguishable from the instant case because in that case, the negligence cause of action was against one who furnished liquor to a person who became intoxicated and subsequently injured someone. In this case, there is no claim that the shooter was intoxicated. Accordingly, the Coluci case does not apply. This is a case of negligence only.
The court finds that there is probable cause that the plaintiffs will prevail on the issue of liability.
Mr. Dubose was shot and killed at age 25. He was a high school graduate and had started classes at college. He was earning $8.95 per hour. He was contributing to the support of a son and his mother. He seemed to be enjoying life as a parent, worker and as CT Page 4243 a student, based upon the testimony at trial and photos of him and his family.
The court hereby orders an attachment in the amount of $750,000.00 on the subject real estate.
D. Michael Hurley, Judge Trial Referee